UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAOMI RUTH WATSON, | ) |
| | ) CASE NO. C14-0119-JLR-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) RE: SOCIAL SECURITY DISABILITY |
| CAROLYN W. COLVIN, Acting | ) APPEAL |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff Naomi Watson proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends this matter be REMANDED for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1952.[1] She has a high school education and two years of

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case

REPORT AND RECOMMENDATION
PAGE -1

college. (AR 223.) She has past relevant work as an information specialist or technical assistant/customer service representative. (AR 26.)

Plaintiff filed applications for DIB and SSI on January 18, 2011, alleging disability beginning December 31, 2006. She is insured for DIB through December 31, 2011. (AR 15.) Plaintiff's application was denied at the initial level and on reconsideration, and she timely requested a hearing.

On June 20, 2012, ALJ Scott R. Morris held a hearing, taking testimony from plaintiff and a vocational expert. (AR 35-75.) On August 28, 2012, the ALJ issued a decision finding plaintiff not disabled before October 1, 2011, but becoming disabled on that date and continuing to be disabled through the date of decision. (AR 15-28.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on November 22, 2013 (AR 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's

---

Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE -2

cardiomyopathy severe prior to October 1, 2011, and plaintiff's cardiomyopathy and depression severe after that date. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found that, prior to October 1, 2011, plaintiff had the RFC to perform less than the full range of sedentary work. Plaintiff could not climb ladders, ropes, or scaffolds. She could occasionally climb ramps and stairs, frequently balance, occasionally stoop and kneel, not crouch or crawl, occasionally reach overhead bilaterally, and could have no more than occasional exposure to extreme cold, extreme heat, industrial-strength fumes, odors, dust, gasses, or other pulmonary irritants and hazards. Beginning on October 1, 2011, plaintiff had the additional restriction of performing jobs that only involve simple, routine, repetitive tasks.

With that assessment, the ALJ found plaintiff able to perform her past relevant work as an information specialist or technical assistant/customer service representative prior to October 1, 2011. After that date, the ALJ found plaintiff unable to perform her past relevant work. Therefore, the ALJ found plaintiff disabled as of October 1, 2011 and through the date of decision.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means

more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).   If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

  Plaintiff argues the ALJ erred by failing to call a medical expert to establish the date of onset of disability, failed to provide legally sufficient reasons for rejecting the opinion of Dr. Demars, and failed to properly evaluate the credibility of her subjective symptom testimony. She requests remand for an award of benefits or, alternatively, for further administrative proceedings.  The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Onset of Disability Date</u>

  Social Security Ruling (SSR) 83-20 discusses when an ALJ should call a medical expert to assist in establishing a disability onset date.   The Ninth Circuit has held that if the "medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 *requires* the ALJ to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination."  *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991) (emphasis added); *see also Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998) ("where a record is ambiguous as to the onset date of disability, the ALJ must call a medical expert to assist in determining the onset date"); *Morgan v. Sullivan*, 945 F.2d 1079, 1083 (9th Cir. 1991) (inferring a disability onset date "is not possible without the assistance of a medical expert").

REPORT AND RECOMMENDATION
PAGE -4

SSR 83-20 applies only if the ALJ makes a finding of disability, and a question is raised as to whether the disability arose at an earlier time.  *Sam v. Astrue*, 550 F.3d 808, 810 (9th Cir. 2008).  This requirement is satisfied in the instant case.  However, the SSR 83-20 requirement of calling a medical expert is also limited to a situation in which the medical evidence is not definite and the date of disability can only be established by inference.  *Armstrong*, 160 F.3d at 590.  The parties are in disagreement as to this issue.  The Commissioner argues the ALJ had a legitimate medical basis for inferring the onset of plaintiff's depression, suggesting the record showed normal psychiatric findings through September 30, 2011, and severe depression thereafter.  Therefore, the Commissioner argues, the ALJ reasonably presumed plaintiff's depression became severe after September 30, 2011.  (Dkt. 22 at 4.)

Plaintiff argues the onset date was ambiguous, noting she reported symptoms of significant depression before October 1, 2011, the date designated by the ALJ as the onset of disability.  Plaintiff also points to the Global Assessment of Functioning score of 50 adopted by the ALJ for the previous year, which would indicate the presence of serious impairment in social and occupational function before the date designated by the ALJ (AR 26), as well as the psychological evaluation by Dr. Edwards, reporting plaintiff's depression "'off and on' for the rest of her life."  (AR 441.)

The Court finds insufficient explanation in the decision for the basis of the disability onset date identified by the ALJ.  Although the Commissioner lists a number of entries in the medical records that might support the ALJ's date of onset finding, these references were not part of the reasoning of the ALJ.  *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) ("[W]e cannot affirm the decision of an agency on a ground that the agency did not invoke in

REPORT AND RECOMMENDATION
PAGE -5

making its decision.") (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

Plaintiff testified she suffered from depression since before the date of onset designated by the ALJ. (*See*, *e.g.*, AR 51, 53-54.) The record also establishes plaintiff became homeless at the end of 2006. (AR 56.) While the ALJ cited the lack of a diagnosis of depression prior to December 13, 2011, "it is common knowledge that depression is one of the most underreported illnesses in the country because those afflicted often do not recognize that their condition reflects a potentially serious mental illness." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (citing Warren E. Leavy, *Hidden Depression,* Chi. Trib., Feb. 1, 1996 at 7).

On remand, the ALJ should more fully explain the basis for the finding that plaintiff did not have a medically determinable mental impairment prior to the established onset date of October 1, 2011. If the ALJ concludes it is unclear from the record when plaintiff's depression became disabling, the ALJ should call a medical expert to aid in determining onset date.

### Dr. Demars

Plaintiff argues the ALJ failed to fully consider the opinions of treating physician Sandra Demars, M.D. In particular, plaintiff notes the ALJ adopted a statement by Dr. Demars on February 8, 2011 that plaintiff was cleared for "sedentary (e.g. office) work" (AR 318), but did not reconcile apparently contradictory opinions of Dr. Demars set forth in a "Medical Source Statement of Ability to do Work-Related Activities (Physical)" completed by the doctor. (AR 449.) Plaintiff notes Dr. Demars found these more restrictive physical capacities to have been present since 2006. (AR 453.)

The Commissioner contends plaintiff does not succeed in showing how Dr. Demars' later opinion conflicts with the ALJ's RFC assessment. However, the Court finds Dr. Demars'

opinion regarding plaintiff's capacity to stand and walk to be more restrictive than the description of sedentary work set forth in the regulations. *See* 20 C.F.R. §§ 404.1567(a), 416.967(a). Dr. Demar's limitation of one hour of standing and thirty minutes of walking does not satisfy the "occasional" (up to one-third of the time) walking and standing required for sedentary work. Dictionary of Occupational Titles, 4th ed., Appx. C, 1991 WL 688702.

"The ALJ is responsible for resolving conflicts in the medical record." *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003)). *Accord Thomas*, 278 F.3d at 956-57 ("'When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict.'") (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). On remand, the ALJ should more fully consider and explain the weight given to the opinions of treating physician Dr. Demars.

## Credibility

Plaintiff also assigns error to the ALJ's consideration of the credibility of her subjective claims, arguing the reasons given were not clear and convincing. Credibility determinations are inescapably linked to conclusions regarding medical evidence. *See generally* 20 C.F.R. §§ 404.1529, 416.929. To the extent the ALJ's review and reconsideration of the date of onset and the medical evidence impacts the credibility analysis, the ALJ should reconsider and explain the weight given to plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms.

## **CONCLUSION**

For the reasons set forth above, this matter should be REMANDED for further proceedings.

REPORT AND RECOMMENDATION
PAGE -7

01   DATED this 28th day of August, 2014.

   /s/ Mary Alice Theiler
   Mary Alice Theiler
   Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -8